UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CATHERINE MASTERS and KEVIN MASTERS | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 3:14-cv-1890 JD |
| v. | )<br>) |
| HOWMEDICA OSTEONICS CORPORATION, | )<br>)<br>) |
| Defendant. | ) |

**OPINION AND ORDER**

The Plaintiffs, Catherine Masters and Kevin Masters, filed their complaint in this matter on September 12, 2014, asserting a number of claims that arise under state law. They seek to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a), which grants this Court jurisdiction over actions between "citizens of different States." They allege that the defendant, Howmedica Osteonics Corporation, is a corporation incorporated in and with its principal place of business in New Jersey. The complaint further alleges that Catherine Masters "is a resident of the State of Michigan," and that Kevin Masters "is her husband."

However, the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say,

the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Here, the complaint only alleges Catherine Masters' residency, not her citizenship, and only alleges Kevin Masters' marital status, so it fails to properly allege diversity jurisdiction.

Accordingly, the Court DISMISSES the complaint with leave to amend so as to properly allege the citizenship of each party.

SO ORDERED.

ENTERED: September 22, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court